**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Omar Feliciano and Isanette Ayala, | : | |
| Debtors. | : | Bankruptcy No. 18-10933-MDC |

# O R D E R

**AND NOW,** upon consideration of the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Keith D. Sklar (the "Applicant"), counsel to the Debtors, by which the Applicant requests the allowance of compensation in the amount of $6,037.50 and the reimbursement of expenses in the amount $0.00.

**AND**, the Application states that the Applicant was paid $1,440.00 by the Debtors prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, attached to the Application is a Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) (the "Amended 2016(b) Statement") disclosing that the Applicant agreed to accept $6,037.50 for services to the Debtors, with $1,440.00 having been paid prior to the filing of the Amended 2016(b) Statement.

**AND**, a Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) (the "Original 2016(b) Statement") was filed with the Debtors' bankruptcy petition disclosing that the Applicant agreed to accept $3,500.00 for services to the Debtors, with $1,440.00 having been paid prior to the filing of the Original 2016(b) Statement.[2]

---

[1] Bankr. Docket No. 53.

[2] Bankr. Docket No. 1.

**AND**, upon the Applicant's certification that proper service has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994).

**AND**, the Applicant's request for compensation in the Application significantly exceeds the amount of $3,500.00 disclosed by the Applicant's Original 2016(b) Statement.

**AND**, the Application fails to address the inconsistency between the Application and Amended 2016(b) Statement, on the one hand, and the Original 2016(b) Statement, on the other.

It is hereby **ORDERED** that:

1. A hearing shall be held on **March 12, 2020, at 11:30 a.m., in Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, PA** (the "Show Cause Hearing"), to consider whether, pursuant to 11 U.S.C. §330(a)(2), this Court should award compensation that is less than the amount of compensation that is requested.

2. At the hearing, the Applicant shall have the written retainer agreement with the Debtors available for review by the Court and parties in interest and shall be prepared to address the Court's concerns as set forth above.

3. The Applicant may appear telephonically, see L.B.R. 9076-1, if arrangements are made to provide the court with a copy of the written retainer agreement in advance of the hearing.

Dated: February 11, 2020

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge

Keith D. Sklar, Esquire
Candyce I. Smith-Sklar, Esquire
Law Offices of Sklar Smith-Sklar
1901 N. Olden Avenue, Suite 22
Ewing, NJ 08618

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912